# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **MARQUETTE TRANSPORTATION COMPANY GULF INLAND L L C** | **CASE NO. 6:18-CV-01222 LEAD**<br>**6:18-CV-01238 MEMBER**<br>**6:18-CV-01250 MEMBER**<br><br>**JUDGE SUMMERHAYS**<br>**MAGISTRATE JUDGE HANNA** |

## MEMORANDUM RULING

Before the Court is the Joint Motion to Bifurcate (Rec. Doc. 44) filed on behalf of Claimants, John Williams and LAD Services of Louisiana, LLC, (hereinafter LAD) referred to the undersigned for disposition. The Motion is opposed by Complainants in Limitation, Marquette Transportation Company Gulf-Inland, LLC (Rec. Doc. 48), 4-K Marine, LLC/Central Boat Rentals, Inc. (Rec. Doc. 49), and C&J Marine Services, Inc. (Rec. Doc. 50; 51). Williams and LAD replied. (Rec. Doc. 52). For the reasons set forth below, the Motion to Bifurcate is DENIED WITHOUT PREJUDICE.

### Facts and Procedural History

Marquette filed this Complaint in Limitation pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims in the Federal Rules of Civil Procedure arising out of an incident on March 22, 2018. Three vessels were attempting to perform a top around of a tug and its tow in the Lower Atchafalaya

River when the tug and its tow allided with a drydock owned by LAD, allegedly injuring John Williams, an LAD employee who fell from his bunk on the LAD drydock. (Rec. Doc. 1). The three vessels involved in the incident were: *M/V Randy Eckstein* (owned and operated by Marquette); *M/V Josset* (owned and operated by C&J Marine Services, Inc.); and *M/V Miss Elizabeth* (owned and operated by 4-K Marine, LLC and Central Boat Rentals, Inc.). C&J and 4-K/Central also filed Complaints in Limitation, which were subsequently consolidated with this action. (Rec. Doc. 6). In all three limitation actions, Williams answered the complaint and filed a claim for his injuries, (Rec. Docs. 4, 5, and 9 in this action, 18-cv-1238, and 18-cv-1250, respectively). After the consolidation, LAD also answered the complaints and asserted claims for reimbursement of maintenance and cure paid to or on behalf of Williams as well as to recover damages to its drydock and other economic damages (Rec. Docs. 9, 13, 14, 15 in 18-cv-1222). Thereafter, 4-K filed a cross claim against C&J in "tort indemnity and/or contribution." (Rec. Doc. 34). In response, C&J filed a counter claim against 4-K in "tort indemnity and/or contribution." (Rec. Doc. 35).

Williams and LAD have also filed separate suits against the vessel owners/operators in the 16th Judicial District Court for the Parish of St. Mary under the "Savings to Suitors" clause of 28 U.S.C. §1333(1) for the same *damages* set forth

in their claims in limitation.[1] Williams additionally sued LAD in state court for failure to pay maintenance and cure and requested a trial by jury on all issues. (Rec. Doc. 48-1). LAD did not request a trial by jury on its property damage claims in state court.

Claimants, Williams and LAD, filed the instant Motion to Bifurcate seeking to bifurcate the limitation issues, and it appears all liability issues as well, from damages, thereby allowing them to proceed with their damages claims only in their original state court forum. Marquette, 4-K/Central, and C&J oppose the motion, urging the Court to maintain all claims in this forum and to decide the limitation issues first.

**Law and Analysis**

This is designated as an admiralty case pursuant to Fed.R.Civ.P. 9(h) and Supplemental Rule F. Even though the incident involved an allision with a drydock, this Court has subject matter jurisdiction by virtue of the Admiralty Extension Act, 46 U.S.C. §30101; *State of La. ex rel. Guste v. M/V TESTBANK*, 752 F.2d 1019, 1031 (5th Cir. 1985). The Court also has jurisdiction under the general maritime law, 28 U.S.C. §1333, as the facts satisfy the two-part test of situs and status set forth in

---

[1] *Williams v. Marquette Transportation Company Gulf Inland LLC,* 16th JDC 132585 Div. G; *LAD Services of Louisiana, LLC v. Marquette Transportation Company Gulf Inland LLC* 16th JDC 132719, Div. E. It appears from the record that LAD is only asserting its claim for reimbursement of maintenance and cure paid to or on behalf of Williams in the limitation. (Rec. Doc. 9).

*Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527 (1995). See also *Apache Corp., v. Global Santa Fe Drilling Co.,* 832 F.Supp. 2d 678, 686-688 (W.D. La. 2010).

## I. Law Applicable to Limitation Actions.

The Limitation of Liability Act, 46 U.S.C. §30505 *et seq.*, provides that the liability of a shipowner shall not exceed the value of the vessel at fault and her pending freight if the casualty occurred without the privity or knowledge of the shipowner. Federal courts have exclusive jurisdiction over suits invoking the Act, "saving to suitors ... all other remedies to which they are otherwise entitled." 28 U.S.C. §1333. As set forth below, however, Rule F does not provide exclusive jurisdiction over exoneration of liability.

When a shipowner files a limitation action in federal court under Supplemental Rule F, it *may* seek "exoneration from as well as limitation of liability." Fed.R. Civ. P. Supp. R. F(2). Once filed, the court stays all related claims against the shipowner arising out of the same accident and requires all claimants to assert their claims in the limitation court. *Id.,* Rule F (3), See also *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001). The purpose of the Limitation Act is to protect the shipowner who has an absolute right to limit its liability, and to consolidate all actions against the owner into a single case where all claims may be disposed of simultaneously. *In re Blessey Enterprises, Inc.,* 537 Fed.Appx. 304, 305

(5th Cir.2013) (citing *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 264 (5th Cir.2001)).

Given the tension between the "Savings to Suitors" clause and the Limitation of Liability Act, the Fifth Circuit recognizes that, in a limitation action in a case involving *multiple claimants,* "claims may proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court." *In re Tetra Applied Technologies L P*, 362 F.3d 338, 341 (5th Cir.2004). "Thus, if the necessary stipulations are provided to protect the rights of the shipowner under the Limitation Act, the claimants may proceed in state court." *Id., In re Complaint of FKM, Inc., for Exoneration from or Limitation of Liability*, 122 Fed.Appx. 783, 784, (5th Cir.2005) ("So long as the district court hearing the limitation action satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion.").

In cases involving a *single claimant*, with the appropriate stipulation, the federal court *must* allow the claimant's action to proceed in state court while retaining exclusive jurisdiction over the vessel owner's rights to *limitation of liability*; however, even though "vessel owners may contest liability in the process

5

of seeking limited liability . . . [t]he Act and the rules of practice . . . do not create a freestanding right to exoneration from liability in circumstances where limitation of liability is not at issue." *Id.* at 342, quoting *Lewis v. Lewis and Clark Marine, Inc.,* 531 U.S. 438, 453 (2001). Therefore, exoneration is clearly shared with state courts under the "Savings to Suitors" clause when limitation is not an issue, and even if limitation is at issue, exoneration from liability is also shared with state courts if the shipowner's rights are adequately protected by stipulation.

Multiple claimants, with the appropriate stipulations, may combine their claims to take advantage of the single claimant exception. *Odeco Oil and Gas v. Bonnette,* 4 F.3d 401, 404-405 (5th Cir. 1993). In *Odeco,* the court recognized that by virtue of the parties' stipulation, they were willing to "submit to two trials – the state court trial followed by a substantially redundant federal limitation proceeding – [but] this court is hard put to deny them." *Id.,* at 405.

**II.       Whether bifurcation is appropriate at this time.**

Williams and LAD urge the Court to bifurcate the limitation, and it appears even the liability issues, from damages and allow them to proceed only on the issue of damages in their original state court forum. Putative claimants seeking tort indemnity and contribution from the vessel owners do not agree to bifurcate and have not offered to participate in any stipulation. With regard to separate trials, F.R.C.P. Rule 42(b) provides:

6

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

As noted above, it is the Court's ultimate responsibility to ensure that the vessel owners' rights to limitation are protected, a goal which cannot be met absent evidence that the value of the claims totals less than the value of the vessels or a stipulation by the claimants that they will not seek to enforce a greater award until the limitation action has been decided. Neither has yet been presented to the Court. Therefore, at a minimum, bifurcation would be premature without such evidence. Further, the Court perceives that the most economical resolution is to allow the parties to proceed through Phase I of the Case Management Order to determine if the value of the claims conceivably total less than or more than the value of the vessels, after which the Court may reconsider a request to bifurcate with the appropriate stipulations.

In the meantime, the parties will be afforded the practical advantage of conducting discovery in a single forum. During that time, motions for summary judgment may further streamline many of the limitation issues, not the least of which is the viability of the cross/counter claims by Marquette, 4-K/Central, and C&J for tort indemnity and contribution to determine if they are actually valid "claimants" for purposes of any proposed stipulation.

Although Marquette, 4-K/Central, and C&J argue that their claims for indemnity and contribution should be considered in the decision of whether to bifurcate, these claims are based at least in part on tort indemnity, a theory which is generally unavailable under general maritime law. "[T]he archaic concept of tort indemnity [has been] replaced [] with the doctrine of comparative fault." *Hardy v. Gulf Oil Corp.,* 949 F.2d 826, 833 (5th Cir. 1992). "Indemnity between liable maritime tortfeasors is now available only 'where proportionate degrees of fault cannot be measured and determined on a rational basis.'" *Id*. quoting *United States v. Reliable Transfer Co.,* 421 U.S. 397, 405 (1975). One limited instance in which tort indemnity may arise is when a "special relationship" exists between two entities, such that "an entity will owe indemnity when its negligence is the cause of a loss to its counterpart." *GIC Servs., L.L.C. v. Freightplus USA, Inc.,* 866 F.3d 649, 656 (5th Cir.2017). See also discussion in *LCI Shipholdings, Inc. v. Muller Weingarten AG*, 153 Fed.App'x 929, 931 (5th Cir.2005). The Court is not yet equipped with the facts necessary to determine whether Marquette, 4-K/Central, and/or C&J may qualify as claimants under any such limited theory of tort indemnity. This further supports the Court's finding that bifurcation is premature at this stage.

The Court is also skeptical that the contribution claims could be used to defeat a bifurcation stipulation, because tort contribution is determined by comparative fault principles. All parties are present in this litigation, and Williams and LAD

apparently do not seek to bifurcate the issue of exoneration/allocation of fault, which is essential to the contribution and indemnity claims, including the claim for reimbursement of maintenance and cure by LAD.

Finally, the parties agree that the Court shall decide the limitation issues in a bench trial. Although Williams, as a presumed Jones Act seaman in his personal injury action, may proceed with his requested jury trial (See e.g. *Rachal v. Ingram Corp.,* 795 F.2d 1210, 1212 (5th Cir.1986)), whether LAD is entitled to return to state court to litigate *all* of its claims, whether before a jury or not, is less certain.

Generally, the law does not confer a right to jury trial in admiralty or maritime proceedings. F.R.C.P. Rule 38(e). LAD has asserted claims, not only for actual damages to its drydock and the concomitant economic losses associated with that damage (for which LAD did not seek a jury trial in state court), but also in these proceedings for recovery of maintenance and cure benefits paid to or on behalf of Williams. A seaman's employer is entitled to reimbursement of maintenance and cure from the negligent tortfeasor "to the extent occasioned by his fault." *Adams v. Texaco, Inc.,* 640 F.2d 618, 620 (5th Cir.1981).

As a threshold matter, this Court is not prepared to state whether Williams and/or LAD even qualifies for the remedies they seek. It is not immediately clear whether Williams is a Jones Act seaman and where that claim should be litigated. Even assuming he does so qualify, one of the claims by LAD (reimbursement of

maintenance and cure) is only brought in the limitation, and the other (actual damages, brought in state court) is not. Since there is no demand for a jury for the claim for actual damages brought in state court, bifurcation may not be warranted as to LAD. Quite possibly, limitation is not even at issue when it comes to the claim for reimbursement of maintenance and cure.[2] As the claims for reimbursement of maintenance and cure will automatically flow once fault, if any, is determined as to each tortfeasor (again – a determination which Williams and LAD have not sought to bifurcate), the Court is not prepared at this time to bifurcate only LAD's property damage claim. Thus, the Court will deny the Motion to Bifurcate without prejudice, thereby allowing LAD to re-assert its motion at the appropriate time (after completion of Phase I discovery), if LAD deems it appropriate and necessary.

For these reasons, the Court concludes that the Joint Motion to Bifurcate brought by Williams and LAD is DENIED WITHOUT PREJUDICE to their right to re-file the motion with the appropriate stipulations. It is strongly suggested that the motion not be re-urged until completion of Phase I of the Case Management Order after discovery has shed further light on the issues discussed herein.

Signed at Lafayette, Louisiana on this 5th day of August, 2019.

_____
PATRICK J. HANNA

---

[2] Claims for maintenance and cure are not subject to limitation. *Brister v. A.W.I., Inc.*, 946 F.2d 350, 361 (5th Cir. 1991).

UNITED STATES MAGISTRATE JUDGE