# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **MARQUETTE TRANSPORTATION COMPANY GULF INLAND LLC** | **CASE NO. 6:18-CV-01222 LEAD**<br>**18-CV-01238 MEMBER**<br>**18-CV-01250 MEMBER**<br><br>**JUDGE SUMMERHAYS**<br><br>**MAGISTRATE JUDGE HANNA** |

## MEMORANDUM RULING

Before the Court is the Motion to Compel filed on behalf of Limitation Plaintiff, Marquette Transportation Company Gulf-Inland, LLC, in which Marquette seeks production of the interview notes and statement pertaining to Captain Andrew Arcemont. (Rec. Doc. 106). C&J opposed the Motion (Rec. Doc. 111). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Motion is DENIED.

## Factual Background

Marquette filed this Complaint in Limitation pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims in the Federal Rules of Civil Procedure arising out of an incident on March 22, 2018. Three vessels, *M/V Randy Eckstein* (owned and operated by Marquette), *M/V Josset* (owned and operated by C&J Marine Services, Inc.), and *M/V Miss Elizabeth* (owned and operated by 4-K Marine, LLC and Central Boat Rentals, Inc.), were attempting to perform a top

around of a tug and its tow in the Lower Atchafalaya River when the tug and its tow allided with a drydock owned by LAD, allegedly injuring John Williams, an LAD employee who fell from his bunk on the LAD drydock. (Rec. Doc. 1).

In the instant Motion, Marquette is seeking to compel C&J to produce the interview notes and statement of the captain of the C&J vessel, Andrew Arcemont. In response to Marquette's Request for Production seeking these documents, C&J acknowledged that an insurance claims adjuster, Daniel Martin, interviewed Capt. Arcemont and obtained his statement; however, C&J objected to producing the notes and statement as privileged work product prepared in anticipation in litigation. C&J responded to Marquette's Motion that it had produced Capt. Arcemont's initial statement obtained by the Coast Guard, but that the statement in question (Capt. Arcemont's subsequent statement) was later obtained by C&J's independent adjuster after counsel had been retained. Marquette now seeks to compel production of the notes and statement.

## **Applicable Law**

F.R.C.P. Rule 26(b) governs the scope of discovery. Rule 26 (b)(3)(A) states:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i)  they are otherwise discoverable under Rule 26(b)(1); and

2

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

The protection from disclosure envisioned by Rule 26(b)(3), referred to as the work-product doctrine, "can apply where litigation is not imminent, 'as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" *In re Kaiser Aluminum & Chem. Co.,* 214 F.3d 586, 593 (5th Cir. 2000), citing *United States v. El Paso Co.,* 682 F.2d 530, 542 (5th Cir.1982). The party invoking the doctrine has the burden of proof to show that the documents in question were prepared in anticipation of litigation. *Conoco Inc. v. Boh Bros. Const. Co.,* 191 F.R.D. 107, 117 (W.D. La. 1998).

The court's threshold determination is whether the documents sought to be protected were, in fact, prepared in anticipation of litigation or whether they were prepared in the ordinary course of business. *El Paso Co.*, 682 F.2d at 542. Under Fifth Circuit jurisprudence a document is prepared in anticipation of litigation "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *Id.*; *United States v. Davis,* 636 F.2d 1028, 1039 (5th Cir.1981). In determining the primary motivation for the creation of a document, courts look to various factors, including, "the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in

response to a particular circumstance." *Carroll v. Praxair, Inc.,* No. 2:05CV00307, 2006 WL 1793656, at *2 (W.D. La. June 28, 2006), citing *Electronic Data Systems Corporation v. Steingraber,* 2003 WL 21653414, *5 (E.D.Tex.2003), citing *Piatkowski v. Abdon Callais Offshore, LLC,* 2000 WL 1145825, *2 (E.D.La.2000). The involvement of an attorney is not dispositive of the "in anticipation of litigation" issue, but it is a highly relevant factor. *Hercules Liftboat Co. v. Rice,* No. 6:11-CV-02111, 2012 WL 4483557, at *1 (W.D. La. Sept. 26, 2012); *Fieldwood Energy, L.L.C. v. Diamond Servs. Corp.,* No. CIV.A. 14-650, 2015 WL 1415501, at *2 (E.D. La. Mar. 27, 2015).

Marquette maintains that C&J has waived its objection, because it did not produce a privilege log or any other evidence that the statement and interview notes were prepared in anticipation of litigation. F.R.C.P. Rule 26(b)(5) states:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

"Waiver of either the attorney-client privilege or the attorney work product privilege can [] occur when a party fails to state a privilege objection in the "privilege log" as required under Federal Rule of Civil Procedure 26(b)(5). *Nance v. Thompson*

4

*Med. Co.,* 173 F.R.D. 178, 182 (E.D. Tex. 1997), citing Fed.R.Civ.P. 26(b)(5), Advisory Committee Notes (1993 Amend.)

According to Marquette's Motion, C&J responded to Marquette's request for notes of any interviews of C&J crew members as follows:

> In addition to information contained in the U.S. Coast Guard report, an interview of Captain Arcemont was obtained by Daniel Martin on October 26, 2018. C&J objects to the production of the statement on the basis that it was obtained in anticipation of litigation and a substantial equivalent of the information in this statement can be obtained through other means.

(Rec. Doc. 106-1, p. 3).

The Court finds that C&J's objection is sufficient to put Marquette on notice of its intention to withhold the documents as work product and to apprise Marquette of basic facts, such as the existence and timing of the interview. Thus, C&J has not waived its objection by failing to provide a separate privilege log or further information pertaining to the requested information.

C&J argues that the withheld statement constitutes work-product, because "[i]t was taken by an independent adjuster hired by C&J specifically for the purpose of developing the underlying facts upon which [defense counsel] would base his case theory." (Rec. Doc. 111-1, p. 4). The statement, taken October 26, 2018, was taken seven months after the accident and after litigation had commenced. (See Rec. Doc. 1). Therefore, the Court finds that the statement obtained by C&J was done in anticipation of litigation and is thereby protected from disclosure. See also *Hercules*

*Liftboat Co. v. Rice*, No. 6:11-CV-02111, 2012 WL 4483557, at *2 (W.D. La. Sept. 26, 2012), wherein this Court found that witness statements obtained by the defendant's representatives shortly after the incident occurred, but only after counsel was retained and only after counsel requested that the statements be obtained, was protected work product.

Marquette maintains that it is entitled to the documents, because Capt. Arcemont's statement was taken shortly after the incident, and that "it is not unreasonable to assume that Capt. Arcemont had a better recollection of the incident seven months after it occurred as opposed to what his recollection will be two years after the incident," when he is deposed on February 13, 2020. (Rec. Doc. 106-1, p. 3). Marquette's position assumes that Capt. Arcemont will not remember the facts of the accident. Otherwise, Marquette has presented no evidence that it will be unable to obtain the requested information (Capt. Arcemont's description of the accident) without undue hardship. Further, C&J submits that it has provided Capt. Arcemont's prior statement obtained pursuant to the Coast Guard report, while it has withheld only Capt. Arcemont's second statement taken by C&J's independent adjuster. (Rec. Doc. 111-1, p. 2). Thus, because Marquette is in possession of the earlier statement, Marquette's argument that it is entitled to Capt. Arcemont's second statement for recollection purposes is unavailing. See also *Hercules, supra*, wherein this Court rejected the plaintiff's argument that he could not obtain the

requested statements without undue hardship, because the plaintiff was able to obtain the information by other means, such as through witness depositions.)

**Conclusion**

Accordingly, the Court finds that C&J has met its burden of proof to show that Capt. Arcemont's statement taken by its independent adjuster is work product protected from disclosure by F.R.C.P. Rule 26(b)(3). Absent evidence from Marquette that it cannot obtain the substantial equivalent of the statement by other means without undue hardship, the Court finds that Marquette's Motion to Compel must be DENIED.

THUS DONE in Chambers, Lafayette, Louisiana on this 3rd day of February, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE