UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE MARQUETTE TRANSPORTATION COMPANY GULF INLAND LLC | CASE NO.  6:18-CV-01222 LEAD<br>18-CV-01238 MEMBER<br>18-CV-01250 MEMBER |
| | JUDGE SUMMERHAYS |
| | MAGISTRATE JUDGE HANNA |

### MEMORANDUM ORDER

The Court previously deferred ruling on LAD Services, LLC's Motion to Compel (Rec. Doc. 116) on the issue of the potential applicability of the flotilla doctrine. (Rec. Doc. 126). LAD and Marquette submitted briefs on the issue (Rec. Doc. 127 and 128, respectively). The Court considered the parties' arguments during a telephone conference on May 20, 2020.

These consolidated matters involve multiple limitation actions and a claim by John Williams. Three vessels, *M/V Randy Eckstein* (owned and operated by Marquette), *M/V Josset* (owned and operated by C&J Marine Services, Inc.), and *M/V Miss Elizabeth* (owned and operated by 4-K Marine, LLC and Central Boat Rentals, Inc.), were attempting to perform a top around of a tug and its tow in the Lower Atchafalaya River when the tug and its tow allided with a drydock owned by LAD, allegedly injuring Williams, an LAD employee who fell from his bunk on the LAD drydock. (Rec. Doc. 1).

In attempting to establish the value of the limitation fund, LAD propounded discovery to Marquette seeking, *inter alia*, information pertaining to the ownership and values of the six barges the *M/V Randy Eckstein* was towing at the time of accident. Marquette responded that it did not own any of the barges and otherwise objected to producing further information, such as barge charters. (Rec. Doc. 128, and documents cited therein). However, Marquette produced a copy of its hull policy indicating coverage for the barges. (Rec. Doc. 124).

In a limitation action, the flotilla doctrine requires "the tender of all the vessels in a flotilla where all such vessels were not only owned by the same person, but were also both engaged in a common enterprise and under a single command." *Cenac Towing Co. v. Terra Res., Inc.,* 734 F.2d 251, 254 (5th Cir. 1984). The only issue in this case is whether the barges were under common ownership, in which case the flotilla doctrine would dictate that the value of the barges be included in the limitation fund. Marquette argues that the simple test of common ownership (whether a vessel was "owned by the same person") resolves the issue, because the barges were not owned by Marquette. Information produced by Marquette indicates the barges were owned by Marquette Transportation Company, LLC (a separate entity from Marquette herein), MHBK (USA), Wells Fargo (as trustee), Bridge Funding, MHBK (USA), and MUFG Americas. (Rec. Doc. 128, p. 2-3 citing documents). At least one case supports Marquette's position. See *In Matter of*

*D.N.H. Towing*, No. CIV. A. 97-1246, 1997 WL 466812, at *2 (E.D. La. Aug. 12, 1997), in which the court held a barge owned by an affiliated, yet separate, company did not qualify as the "same person," for purposes of the flotilla doctrine.

LAD counters that Marquette could be the owner *pro hac vice* of the barges, citing 46 U.S.C §30501, which defines "owner" to include a charterer that mans, supplies, and navigates a vessel at his own expense or own procurement. LAD relies on cases such as *In re Waterman SS Corp*, wherein the court applied the flotilla doctrine where the tow and all barges were "owned or operated by Waterman as owner pro hac vice in the conduct of Waterman's marine transportation business." *In re Waterman S.S. Corp.,* 794 F. Supp. 601, 605 (E.D. La. 1992).

Although both LAD and Marquette's positions are arguable under the jurisprudence, the Court is not called upon at this juncture to definitively determine whether the flotilla doctrine applies to increase the value of the limitation fund. Rather, the issue before the Court is whether LAD is entitled to obtain information which could conceivably support its position. F.R.C.P. Rule 26(b)(1) sets forth the scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information

within this scope of discovery need not be admissible in evidence to be discoverable.

The Court finds that information pertaining to Marquette's relationship with the owners of the barges could reveal information supporting an ownership *pro hac vice* situation, which could arguably be applied to this case. Although Marquette represented that it is in the business of towing barges for its customers and that no charter agreements existed pertaining to the barges, additional information could show some sort of relationship between Marquette and the barges' respective owners suggestive of *pro hac vice* ownership. After all, the barges were listed on Marquette's hull policy, and one of the barges is owned by *Marquette* Transportation Company.

Accordingly,

IT IS ORDERED that LAD's Motion to Compel (Rec. Doc. 116) is GRANTED insofar as it seeks to compel Marquette to provide information pertaining to the ownership and value of the barges being towed by the Marquette vessel at the time of the allision. Specifically, LAD may seek information pertaining to Marquette's relationship with the barges' owners, as well as Marquette's operation and control over the barges. Such information may be obtained through written discovery or deposition testimony.

Signed at Lafayette, Louisiana on this 22nd day of May, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE