UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE MARQUETTE TRANSPORTATION COMPANY GULF INLAND LLC | CASE NO.  6:18-CV-01222 LEAD<br>18-CV-01238 MEMBER<br>18-CV-01250 MEMBER<br><br>JUDGE SUMMERHAYS<br><br>MAGISTRATE JUDGE HANNA |

**MEMORANDUM ORDER**

Before the Court is the Motion for Protective Order filed by Marquette Transportation Company Gulf-Inland, LLC (Rec. Doc. 137). LAD Services of Louisiana, LLC (for maintenance and cure) and John Williams opposed the Motion. (Rec. Doc. 139; 141). Marquette replied. (Rec. Doc. 143).

These consolidated matters involve multiple limitation actions and a claim by John Williams. Three vessels, *M/V Randy Eckstein* (owned and operated by Marquette), *M/V Josset* (owned and operated by C&J Marine Services, Inc.), and *M/V Miss Elizabeth* (owned and operated by 4-K Marine, LLC and Central Boat Rentals, Inc.), were attempting to perform a top around of a tug and its tow in the Lower Atchafalaya River when the tug and its tow allided with a drydock owned by LAD, allegedly injuring Williams, an LAD employee who fell from his bunk on the LAD drydock. (Rec. Doc. 1).

In attempting to establish the value of the limitation fund, LAD propounded discovery to Marquette seeking, *inter alia*, information pertaining to the ownership and values of the six barges the *M/V Randy Eckstein* was towing at the time of accident. The Court granted LAD's motion to compel Marquette to respond to the said discovery insofar as it sought information pertaining to the ownership and value of the barges being towed by the Marquette vessel at the time of the allision. The Court held that LAD may seek information pertaining to Marquette's relationship with the barges' owners, as well as Marquette's operation and control over the barges, through written discovery or deposition testimony. (Rec. Doc. 130).

Subsequently, LAD noticed Marquette's corporate deposition pursuant to F.R.C.P. Rule 30(b)(6), identifying eighteen areas of inquiry. (Rec. Doc. 137-2). Marquette filed the instant motion for protective order, arguing that LAD's deposition notice seeks information beyond the scope of the Court's Order. Nevertheless, Marquette contends in its motion that it is prepared to testify as to information sought in Inquiries 1 through 15. Thus, the Court considers Marquette's request for protective order only with regard to Inquiries 16, 17, and 18.

Inquiry 16 seeks the identity and address of Marquette's insurance representative, his or her employer, and Marquette's insurance broker for the six-month period before the allision. Marquette, which relies heavily on the fact that the Marquette Gulf-Inland entity is the pertinent entity for this case, argues this inquiry

seeks information pertaining to non-Marquette Gulf-Inland entities. LAD argues, convincingly, that it is entitled to discover information pertaining to other Marquette entities, such as the identity of the broker who presumably sold the policies to all such entities, identified on the insurance policy produced by Marquette. The Court agrees that this information is within the scope of its order allowing discovery of information pertaining to Marquette's relationship with the barge owners (one of which was a Marquette entity) and Marquette's operation and control over the barges (which were identified on Marquette's policy).

Inquiry No. 17 seeks information pertaining to Marquette's ownership, operation, use, or lease of a barge fleeting service. Marquette objects to this inquiry on the same grounds (i.e. it seeks information for non-Marquette Gulf-Inland entities). LAD argues the purpose of this request is to determine the extent to which a Marquette entity controls the docking and undocking of the barges and provides docking space. The Court agrees that this is directly related to Marquette's operation and control over the barges, which LAD is entitled to discover.

Inquiry 18 seeks information pertaining to an alleged allision which occurred four days prior to the incident at issue and which allegedly involved the same pilot and barges. Marquette contends this Inquiry goes beyond this Court's order compelling Marquette to respond to LAD's discovery. Marquette incorrectly assumes that this Court's prior Order constituted a limitation on the scope of

discovery. As LAD points out, discovery is still ongoing,[1] and nothing prohibits it from discovering relevant information. The fact of a prior alleged incident involving the same vessel and pilot is relevant to the issues of limitation and liability, and information regarding that incident is discoverable.

Accordingly,

IT IS ORDERED that Marquette's Motion for Protective Order (Rec. Doc. 137) is DENIED.

Signed at Lafayette, Louisiana on this 23rd day of July, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court understands the parties will be filing an amended Case Management Order to account for discovery delays necessitated by the COVID-19 pandemic. See Rec. Doc. 133.