UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: MARQUETTE TRANSPORTATION    CASE NO.  6:18-CV-01222 LEAD
COMPANY GULF INLAND, LLC

JUDGE ROBERT R. SUMMERHAYS

MAG. JUDGE PATRICK J. HANNA

RULING

Before the Court is a Motion for Partial Summary Judgment filed by Plaintiff-in-Limitation Marquette Transportation Company Gulf-Inland, LLC ("Marquette"). ECF No. 152. Pursuant to its motion, Marquette moves the Court to enter a judgment finding that the value of the limitation fund in this matter will "be limited to the fair market value of the M/V RANDY ECKSTEIN plus pending freight." ECF No. 152-2 at 4. Claimants LAD Services of Louisiana (LAD") and John Williams oppose the motion. ECF Nos. 155, 156. For the reasons that follow, the motion is GRANTED.

I.
BACKGROUND

This suit arises out of an allision that occurred near Morgan City, Louisiana on March 22, 2018. On that date the M/V RANDY ECKSTEIN (a vessel owned by Marquette) had six barges in tow when she and two other motor vessels attempted to perform a top around maneuver in the Lower Atchafalaya River. During the maneuver, the M/V RANDY ECKSTEIN allided with a drydock owned by LAD, allegedly injuring John Williams, an LAD employee, who fell from his bunk onto the LAD drydock.[1] On September 17, 2018, Marquette filed a complaint for exoneration

---

[1] The other two motor vessels executing the top around were the M/V JOSSET (owned and operated by C&J Marine Services, Inc.) and the M/V MISS ELIZABETH (owned and operated by 4-K Marine, LLC

from or limitation of liability and subsequently deposited a limitation bond with the Court in the amount of $2,684,000. Thereafter, John Williams filed a claim for personal injuries, and LAD filed a claim for property damages sustained to its drydock, as well as for indemnity for maintenance and cure payments made to Mr. Williams, a seaman employed by LAD. At all material times, there was no contractual relationship of any kind between Marquette and Mr. Williams or LAD. ECF No. 152-1 at 1-2; ECF No. 155-1 at 1-2; ECF No. 156-1 at 1-2.

Marquette now seeks partial summary judgment on the inapplicability of the "flotilla doctrine" to the six barges the RANDY ECKSTEIN had in tow at the time of the allision. Specifically, Marquette argues that the flotilla doctrine does not apply in this matter due to the "pure tort" exception to that doctrine. Alternatively, and in the event the Court finds the pure tort exception does not apply to this matter, Marquette argues that the flotilla doctrine is inapplicable because it was neither the owner nor the owner pro hac vice of the barges in its tow. ECF No. 152-2 at 4.

## II.
### STANDARD OF REVIEW

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the

---

and Central Boat Rentals, Inc.). The owners of the foregoing vessels filed complaints for exoneration from or limitation of liability. *See* Civil Action Nos. 6:18-1238 and 6:18-1250. On October 11, 2018, the foregoing suits were consolidated with the above-captioned suit. ECF No. 6.

non-moving party." *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010). As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.

*Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted). When reviewing a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 373 (5th Cir. 2001).

### III.
### LAW AND ANALYSIS

The Limitation Act permits a vessel owner to limit liability for damage or injury to the value of the vessel and its pending freight (or to the value of the owner's interest in the vessel and its freight), provided such damage or injury was incurred without the owner's privity or knowledge.[2] 46 U.S.C. § 30505; *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446

---

[2] The statute reads in pertinent part:

> **(a) In general.**--. . . [T]he liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight. . .
>
> **(b) Claims subject to limitation.**--Unless otherwise excluded by law, claims, debts, and liabilities subject to limitation under subsection (a) are those arising from . . . any loss, damage, or injury by collision, . . . done, occasioned, or incurred, without the privity or knowledge of the owner.

46 U.S.C.A. § 30505.

(2001). But when the offending vessel that is the subject of the limitation proceeding "is not one vessel but a flotilla (for example, a tug and her tows), the question is raised whether the whole flotilla must be surrendered or only the particular vessel which was most immediately involved in the collision." *Brown & Root Marine Operators, Inc. v. Zapata Off-Shore Co.*, 377 F.2d 724, 727 (5th Cir. 1967) (quoting Gilmore & Black, The Law of Admiralty 716, fn. 132 (1957)). As a general rule, when multiple vessels are involved the "flotilla doctrine" will require the tender of all vessels "where all such vessels were not only owned by the same person, but were also both engaged in a common enterprise and under a single command." *Cenac Towing Co., Inc. v. Terra Res., Inc.*, 734 F.2d 251, 254 (5th Cir. 1984); *see also Complaint of Tom-Mac, Inc.*, 76 F.3d 678, 684 (5th Cir. 1996). However, there is an exception to the flotilla doctrine—the pure tort rule. "The pure tort exception to the flotilla doctrine provides that '[w]here the injury is to a third person, to whom the shipowner owes no duty based upon consent, he may limit his liability to the ship against which a maritime lien would arise from the wrong,' as opposed to the value of the entire flotilla." *In re Libel of Kristie Leigh Enterprises, Inc.*, 168 F.3d 206, 209 n.3 (5th Cir. 1999) (quoting *Brown & Root*, 377 F.2d at 727). Stated differently, when the alleged damage is inflicted tortiously and there is no contractual or consensual relationship between the offending vessel and the injured party, the pure tort exception applies and the vessel owner need only surrender the value of the actively responsible vessel. *See e.g. Brown & Root*, 377 F.2d at 727; *In re Drill Barge No. 2*, 454 F.2d 408, 412 (5th Cir.1972); *In re Waterman S.S. Corp.*, 794 F.Supp. 601, 604 (E.D. La.1992); *In re AEP River Operations, LLC*, 838 F.Supp.2d 573, 576 (S.D. Tex.2012); *Matter of the Complaint of Crounse Corp.*, 1:14-CV_154-SA-DAS, 2016 WL 4054929, at *5 (N.D.Miss. July 27, 2016).

In this matter, both Williams and LAD assert that Marquette was negligent in its operation of the RANDY ECKSTEIN, and both assert claims against Marquette based upon negligence under general maritime law. *See e.g.* ECF No. 4 at 6; ECF No. 9 at 5. Neither Williams nor LAD allege the existence of any contractual or consensual relationship with Marquette. Accordingly, this is a pure tort case to which the flotilla doctrine simply does not apply.[3]

## IV.
### CONCLUSION

For the reasons set forth above, the Motion for Partial Summary Judgment filed by Marquette [ECF No. 152] is GRANTED, and the value of Marquette's limitation fund will be limited to the fair market value of the RANDY ECKSTEIN plus pending freight.

THUS DONE in Chambers on this 19th day of May, 2021.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[3] Claimants do not seriously dispute the applicability of the pure tort exception to the flotilla doctrine in this matter. Rather, they argue the injustice of the limitation of liability statute generally, as well as the pure tort exception in particular, and ask this Court to "reject" the line of jurisprudence recognizing the pure tort exception. *See e.g.* ECF No. 156 at 11, 17; ECF No. 155 at 6. This Court is duty-bound to follow the precedents of the Supreme Court and the Fifth Circuit, and arguments against applying these precedents are more appropriately addressed to those courts. *See e.g. Team Contractors, LLC v. Waypoint Nola, L.L.C.*, 976 F.3d 509, 518 (5th Cir. 2020); *Sturgeon v. Strachan Shipping Co.*, 698 F.2d 798, 800 (5th Cir. 1983). And while LAD briefly asserts that the Court should decline to follow the line of cases setting forth the pure tort exception because of subsequent amendments to the limitation statute after the pure tort line of cases was decided, it does not explain (nor is it apparent to the Court) how the amended wording supports a different interpretation. Further, Congress expressly stated that the recodification of Title 46 was intended "to conform to the understood policy, intent, and purpose of the Congress in the original enactments. . . ." CODIFICATION OF TITLE 46, PL 109–304, October 6, 2006, 120 Stat 1485; *see also* H.R. REP. 109-170, 23, 2006 U.S.C.C.A.N. 972, 976 ("These changes are not intended, however, to lead to changes in result, and therefore they should not impair the precedent value of earlier judicial decisions or other interpretations.").