UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC

CASE NO. 6:18-CV-01222 LEAD

JUDGE ROBERT R. SUMMERHAYS

MAGISTRATE JUDGE HANNA

## ORDER and REASONS

Before the Court is a Motion in Limine to Exclude Coast Guard Investigation File at Trial, filed by Marquette Transportation Company Gulf-Inland, LLC ("Marquette").[1] Pursuant to its motion, Marquette seeks an order "excluding the reference to, reliance on, or use of the U.S. Coast Guard's investigative file concerning the incident giving rise to this litigation."[2] More specifically, Marquette requests that the Court enter an order:

(1) prohibiting the admission of any part of the U.S. Coast Guard investigation file, including its findings of fact, opinions, recommendations, deliberations, letters, and conclusions;

(2) [ordering that] the U.S. Coast Guard investigation file listed in these parties' exhibit lists may not be used at trial for any purpose including impeachment;

(3) [ordering that] these parties and their experts may not refer to, rely on, or substantially base their testimony on the findings contained in the U.S. Coast Guard investigation file; and

(4) [ordering that] to the extent that impermissible references are made, they shall be stricken.[3]

---

[1] ECF No. 199.
[2] *Id.* at 1.
[3] *Id.* at 1-2.

C&J Marine Services, LLC (C&J) and John Williams oppose the motion.[4] For the reasons that follow, the motion is GRANTED IN PART, DENIED IN PART and DEFERRED IN PART.

This consolidated proceeding arises out of an allision that occurred near Morgan City, Louisiana on March 22, 2018.[5] Immediately following the incident, the United States Coast Guard conducted an investigation, which included taking witness statements. The witness statements are included in the Coast Guard's investigation file pertaining to this matter. Marquette now seeks the exclusion of the entirety of the investigation file for all purposes, including impeachment, and additionally seeks an order prohibiting the parties' expert witnesses from "rely[ing] on, or substantially bas[ing] their testimony on the findings contained in the U.S. Coast Guard investigation file."[6]

The Coast Guard Authorization Act of 1996 limits the use of certain materials generated by the Coast Guard in civil actions.[7] The relevant statute provides in pertinent part:

> Notwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under . . . this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States.[8]

Marquette argues this statute "precludes the use of *any part* of a U.S. Coast Guard *investigation* by any party in a civil action."[9] C&J concedes that Coast Guard reports conducted under Title

---

[4] ECF Nos. 205, 206.
[5] The facts of this case are detailed in the Court's December 14, 2021 Ruling. [ECF No. 234]. For the sake of brevity, the Court assumes familiarity with the facts and moves directly to the issue of whether a pretrial order excluding the above-referenced materials is appropriate.
[6] ECF No. 199-1 at 5.
[7] *See* Coast Guard Authorization Act of 1996, Pub. L. No. 104–324, 110 Stat 3901.
[8] 46 U.S.C. § 6308. The relevant regulation defines a "marine casualty or accident" in pertinent part as "[a]ny . . . accident involving any vessel . . . that [o]ccurs upon the navigable waters of the United States" and includes events such as groundings and allisions. 46 C.F.R. § 4.03-1.
[9] ECF No. 199-1 at 2 (emphasis added).

46 are inadmissible, but asserts it does not intend to introduce the Coast Guard report, "but rather statements taken from fact witnesses who were present during the incident."[10] Specifically, C&J intends to offer into evidence the handwritten statements of Andrew Arcement (captain of the M/V JOSSET) and Michael LeBeouf (captain of the M/V MISS ELIZABETH), given to the Coast Guard immediately after the allision pursuant to its investigation.[11] John Williams adopts the arguments set forth by C&J and additionally argues that "written or recorded statements included [in a Coast Guard file] may be used to impeach the party making the statement."[12]

The statute clearly prohibits the use of *reports* of marine casualty investigations at trial: "no part of a report of a marine casualty investigation . . . , including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence . . . in any civil . . . proceedings . . . ."[13] As such, the Court will exclude admission of the Coast Guard's report at trial. However, the Court finds the handwritten statements of Arcement and LeBeouf are not a "report," nor do they constitute "findings of fact, opinions, recommendations,

---

[10] ECF No. 205 at 3.
[11] *Id.* at 2, 5.
[12] ECF No. 206 at 1.
[13] 46 U.S.C. § 6308(a). The relevant regulation states, "The investigations of marine casualties and accidents and the determinations made are for the purpose of taking appropriate measures for promoting safety of life and property at sea, and are not intended to fix civil or criminal responsibility." 46 C.F.R. § 4.07-1(b).

deliberations, or conclusions" of the Coast Guard.[14] Accordingly, the Court finds use of the witness statements as evidence at trial is not prohibited by section 6308.[15]

For the reasons set forth above,

IT IS HEREBY ORDERED that the Motion in Limine filed by Marquette [ECF No. 199] is GRANTED IN PART, DENIED IN PART and DEFERRED IN PART. The motion is GRANTED to the extent it seeks exclusion of the Coast Guard's report generated from its investigation into this incident.[16] The motion is DENIED to the extent it seeks to exclude *in limine* all use of the handwritten statements of Arcement and LeBeouf as evidence at trial. The motion is DEFERRED to the extent it seeks an order *in limine* prohibiting the parties' expert witnesses from relying on, or substantially basing their testimony on the findings contained in the Coast Guard's investigation file.[17]

---

[14] *See e.g. Holzhauer v. Golden Gate Bridge Highway & Transportation District*, 745 Fed.Appx. 265, 268 (9th Cir. 2018) (district court did not err in admitting Coast Guard interview summary at trial, as the summary did not contain the Coast Guard's findings of fact or conclusions, but merely documented what the captain said when asked questions about the incident); *In re Complaint of Danos & Curole Marine Contractors, Inc.*, 278 F.Supp.2d 783, 785 (E.D.La. 2003) (photographs taken by the the Coast Guard during its investigation were admissible at trial, as the photographs were not findings of fact, opinions, recommendations, deliberations, or conclusions, but instead "merely illustrate[d] the condition of the objects depicted in the photos as they existed . . . at the time that the pictures were taken").

[15] The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground. *See e.g. Johnson v. El Paso Healthcare Sys., Ltd.*, 2013 WL 12393903, *2 (W.D. Tex. Feb. 25, 2013); *Fair v. Allen*, 2011 WL 830291, *1 (W.D.La. March 3, 2011).

[16] At the pretrial conference held on January 24, 2022, the Court indicated that if it denied Marquette's motion in limine with regard to the handwritten witness statements, it would require C&J to redact the handwritten annotations in the margins of those documents. [ECF No. 267 at 2]. The Court has now had the opportunity to review the bench books and notes that the copies of the forgoing statements submitted in C&J's bench books do not contain the annotations.

[17] "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980), *superseded by rule on other grounds as stated in Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002). "Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in the proper context." *Gonzalez v. City of Three Rivers*, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013)).

Finally, the Court notes Marquette's Motion in Limine was filed prior to submission of the Joint Pretrial Order. Within the Pretrial Order, Marquette makes multiple objections to exhibits and witness' testimony for the reasons provided in its Motion in Limine.[18] In light of the reasons provided in this Order, on or before February 3, 2022, counsel are to confer and attempt to reach an agreement as to the admissibility of those proposed exhibits and portions of witness testimony to which Marquette objects on the basis of 46 U.S.C. § 6308(a). On or before February 4, 2022, counsel are to advise the Court as to any revisions to the foregoing exhibits and witness lists, as well as any revisions to Marquette's objections thereto.[19]

THUS DONE in Chambers on this 27th day of January, 2022.

_____
**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**

---

[18] *See* ECF No. 258 at 78-80, 81.
[19] Counsel may submit their revisions to the following email address (carbon copying to all other lead counsel): Summerhays_courtesycopies@lawd.uscourts.gov.