UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: MARQUETTE TRANSPORTATION    CASE NO.  6:18-CV-01222 LEAD
COMPANY GULF-INLAND, LLC

JUDGE ROBERT R. SUMMERHAYS

MAGISTRATE JUDGE HANNA

**MEMORANDUM RULING**

Before the Court is a Motion for Spoliation Sanctions against C&J Marine Service LLC ("C&J"), filed by Marquette Transportation Company Gulf-Inland, LLC ("Marquette").[1] According to Marquette, C&J failed to preserve "the most important piece of evidence in this matter — the Rose Point navigation data of C&J's tug, the JOSSET," and therefore requests that the Court apply an adverse inference against C&J at trial and award Marquette the costs and attorneys' fees it incurred in investigating the JOSSET's pre-allision movements and in preparing the pending motion.[2] As to the adverse inference, Marquette suggests the Court should infer "that the JOSSET's data would have shown that it prematurely abandoned the RANDY ECKSTEIN during the top around maneuver and failed to provide the requisite amount of thrust to safely rotate the RANDY ECKSTEIN into position."[3] C&J opposes the motion, arguing its failure to preserve its Rose Point data was not due to bad faith, but rather the data was lost in the regular course of business pursuant to C&J's document retention policy. C&J further argues Marquette is not unduly

---

[1] ECF No. 243.
[2] ECF No. 243-2 at 6, 18.
[3] *Id.* at 17.

prejudiced by the absence of C&J's Rose Point data.[4] For the reasons that follow, the motion is DENIED IN PART and DEFERRED IN PART.[5]

# I.
## APPLICABLE LAW

Marquette asserts the Court may impose an adverse inference against C&J under either Federal Rule of Civil Procedure 37(d) ("Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection"), or pursuant to its inherent authority. The Court finds the appropriate provision addressing this matter arises under Rule 37(e) ("Failure to Preserve Electronically Stored Information").[6] Rule 37(e) provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> > (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> >
> > (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> >
> > > (A) presume that the lost information was unfavorable to the party;

---

[4] ECF No. 272.
[5] The facts of this case are detailed in the Court's December 14, 2021 Ruling. [ECF No. 234]. For the sake of brevity, the Court assumes familiarity with the facts and moves directly to the issue of sanctions.
[6] Rule 37(d) applies when "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Here, C&J did not "fail[] to serve its answers . . . or written response." FED. R. CIV. P. 37(d). Rather, C&J responded to Marquette's discovery requests, stating the JOSSET's computer system retains Rose Point data for thirty days, and the data was not preserved beyond the thirty days, because "the incident was between Marquette/LAD and given the fact that . . . [the Coast Guard,] during their investigation, interviewed the crew of the JOSSET and MISS ELIZABETH as witnesses to an incident, no port vision/AIS data was retrieved from the JOSSET." [ECF No. 243-4 at 3; *see also id.* at 4]. Further, the new version of Rule 37(e), adopted in 2015, "authorizes and specifies measures a court may employ if information that should have been preserved is lost. . . . It therefore forecloses reliance on inherent authority . . . to determine when certain measures should be used." FED. R. CIV. P. 37(e) advisory committee's note to 2015 amendment; *see also Peals v. QuickTrip Corporation*, 2021 WL 2043185, *4-5 (E.D. Tex. May 21, 2021).

      (B) instruct the jury that it may or must presume the information was unfavorable to the party; or

      (C) dismiss the action or enter a default judgment.[7]

Thus, before a court may sanction a party for the loss of electronically stored information, the following predicate elements must exist: (1) the information should have been preserved; (2) the information was lost due to a party's failure to take reasonable steps to preserve it; and (3) the lost information cannot be restored or replaced through additional discovery. After the three predicate elements are established, the court considers whether sanctions are warranted under subsection (e)(1) or (e)(2). Rule 37(e)(1) applies if the court finds that another party has been prejudiced by the loss of the information. In that circumstance, the court "may order measures no greater than necessary to cure the prejudice."[8] Rule 37(e)(2) is applicable "only upon finding that the party acted with the *intent to deprive* another party of the information's use in the litigation."[9] If the intent to deprive is found, prejudice is presumed, and the court may impose an adverse inference, dismiss the action or enter a default judgment.[10]

  As set forth above, Rule 37(e) addresses electronically stored information that should be preserved during litigation, as well as information that should be preserved in *anticipation* of litigation. A party has a duty to preserve evidence when it has notice that the evidence is relevant to litigation or should have known that the evidence may be relevant to future litigation.[11] Evidence

---

[7] FED. R. CIV. P. 37(e).
[8] FED. R. CIV. P. 37(e)(1).
[9] *Id.* at (e)(2) (emphasis added).
[10] *Id.*; *see also id.* at advisory committee's note to 2015 amendment (negligent and even grossly negligent behavior is insufficient to support an adverse inference; prejudice is presumed under § (e)(2)).
[11] *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015); *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F.Supp.2d 598, 612 (S.D. Tex.2010); *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008); *Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001); *Turner v. Public Service Co. of Colorado*, 563 F.3d 1136, 1149 (10th Cir. 2009). Rule 37(e) is based on the common-law duty to preserve evidence. FED. R. CIV. P. 37(e) advisory committee's note to 2015 amendment. Therefore, the Court finds cases addressing

is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action.[12] "Identifying the boundaries of the duty to preserve involves two related inquiries: *when* does the duty to preserve attach, and *what* evidence must be preserved?"[13]

## II.
### ANALYSIS

Marquette asserts C&J had a duty to preserve the Rose Point data due to "long-standing marine industry standards by which all vessel owners involved in marine incidents preserve their respective vessel's navigational data for litigation, training, and safety-related purposes."[14] It further asserts C&J's duty to preserve the Rose Point data arose immediately after the allision, and prior to the commencement of litigation, in light of the following facts:

- C&J was immediately aware of the allision and launched its own internal investigation;

- One day after the allision C&J prepared a formal report that included a list of incident particulars, a timeline, and a summary of findings;

- C&J cooperated with a Coast Guard investigation into the incident;

- The allision was "a significant marine collision . . . that purportedly caused millions of dollars in damages and a personal injury that is alleged to be severe."[15]

C&J responds that pursuant to its document retention policy, the Rose Point data was saved for thirty days following its creation and then erased to make room for storage of new data.[16] C&J

---

this duty under a courts' inherent authority that issued prior to the 2015 amendments to Rule 37(e) are instructive on this issue.
[12] FED. R. EVID. 401.
[13] *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003).
[14] ECF No. 243-2 at 7-8. Marquette cites no jurisprudence in support of this "long-standing" industry standard.
[15] *Id.* at 7, 12, 13.
[16] ECF No. 272 at 2. Marquette notes that C&J's corporate representative (Jack Seitzinger) testified at his deposition that he did not save the Rose Point data because he did not know how, and did not "provide lack of knowledge of future litigation as a justification for his failure to preserve the data." [ECF No. 243-2 at 14].

asserts that at no time during this thirty day window was a request made by anyone to save the Rose Point data. C&J further argues that it was not aware at the time of the incident that the Rose Point data would be relevant to future litigation, because C&J's Compliance Manager, Jack Seitzinger, determined shortly after the incident that the JOSSET had no liability exposure for the allision based upon the following facts:

- Seitzinger's interview of Captain Arcement of the JOSSET indicated the JOSSET was acting merely in an "assist" role;

- The sole cause of the allision was the pilot of Marquette's vessel in allowing his tow to come ahead in the waterway; the JOSSET played no role in that navigation maneuver;

- Only Marquette's barge made contact with LAD's drydock;

- The Coast Guard investigating officer informed Seitzinger that "Captain Arcemont was only a 'witness' and the subject of this investigation was the operator of the Marquette tug";

- The Coast Guard's subsequent MISLE report "designated Captain Arcemont as a 'witness' and the master of the Marquette tug as the 'subject of the investigation.'"[17]

From the information available to the Court, it appears C&J's duty to preserve relevant evidence was triggered, *at the latest*, on June 5, 2018 (i.e., approximately two-and-a-half months after the March 22, 2018 allision), when Claimant John Williams filed suit against it in state court.[18] Whether a duty to preserve the Rose Point data arose before the commencement of litigation turns upon whether C&J should have anticipated its relevance to future litigation. "When litigation is 'reasonably foreseeable' is a flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry."[19] The duty to preserve requires more than a mere possibility of litigation, and

---

[17] *Id.* at 2-3; *see also* ECF No. 272-1 at 2.
[18] *See* ECF No. 231-3 at 6. The Court is unaware of when LAD filed its suit in state court.
[19] *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011) (citing *Fujitsu Ltd.*, 247 F.3d at 436)).

when determining whether a party's preservation duty has been triggered, courts evaluate facts such as: the likelihood that a certain kind of event will result in litigation; the knowledge of certain employees about threatened litigation based upon their participation in the event; notification from a potential adversary indicating it intends to pursue litigation; receipt of a preservation demand; receipt or rejection of a settlement offer, etc.[20]

Here, C&J was certainly aware on the date of the allision that LAD suffered significant property damages. Further, the fact that the Coast Guard immediately conducted an investigation may have been an indication that litigation might ensue. However, even assuming that the duty to preserve was triggered at the time of the allision or shortly thereafter, Marquette must show either prejudice—for purposes of Rule 37(e)(1)—or show that C&J acted with the intent to deprive Marquette of the Rose Point data for purposes of an adverse inference sanction under Rule 37(e)(2). The record here does not support a finding of intent as required for sanctions under Rule 37(e)(2). C&J submitted an affidavit of its Compliance Manager stating that it is "C&J's company policy to retain records, which would include Rose Point Records of Navigation of the C&J vessels for only 30 days following their creation."[21] C&J's Compliance Manager further testified that C&J never received a request from Marquette or the other parties to preserve the Rose Point data. Finally, C&J's Compliance Manager testified that he was informed by the Coast Guard that C&J was not a focus of the investigation. The Court finds no other evidence in the record that would support a finding of intent as far as the destruction of the Rose Point data. Accordingly, the Court DENIES Marquette's Motion to the extent it seeks sanctions—including an adverse inference—under Rule 37(e)(2).

---

[20] *Zbylski v. Douglas Cty. Sch. Dist.*, 154 F. Supp. 3d 1146, 1163 (D. Colo. 2015) (collecting cases); *Philmar Dairy, LLC v. Armstrong Farms*, 18-CV-0530, 2019 WL 3037875, *3 (D.N.M. July 11, 2019) (collecting cases).
[21] ECF No. 272-1 at ¶ 19.

With respect to relief under Rule 37(e)(1), it must be shown that Marquette was prejudiced by the loss of the Rose Point data. C&J argues that other records and data are available to show the positions and speed of the vessels.[22] The Court additionally notes that Marquette has been aware that C&J's Rose Point data was not preserved since at least August 31, 2020.[23] Yet, Marquette did not raise the possibility of the filing of a spoliation motion until December 7, 2021 in opposition to C&J's motion to reopen discovery.[24] This fact would seem to undercut any argument of prejudice by Marquette. Nevertheless, whether or not Marquette was prejudiced cannot be determined on the present record before the Court. Accordingly, the Court DEFERS Marquette's request for relief under Rule 37(e)(1) until trial.

### III.
### CONCLUSION

For the reasons provided in this Memorandum Ruling, the Motion for Spoliation Sanctions filed by Marquette is DENIED IN PART and DEFERRED IN PART. The motion is DENIED to the extent Marquette seeks sanctions—including an adverse inference—under Rule 37(e)(2). To the extent Marquette seeks curative measures under Rule 37(e)(1), the motion is DEFERRED.

THUS DONE in Chambers on this 8th day of February, 2022.

ROBERT R. SUMMERHAYS<br>
UNITED STATES DISTRICT JUDGE

---

[22] *See* ECF No. 272 at 3.
[23] *See* ECF No. 243-4 at 4.
[24] *See* ECF No. 226 at 3.